STATE of Iowa, Appellee,

v.

James Carleton YORK, Appellant.

No. 59461.

Supreme Court of Iowa.

Aug. 31, 1977.

Glenn Muller, of Oehler, Radig & Hoy, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., Jack W. Dooley, County Atty., and L. Vern Robinson, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction of delivery of a schedule I controlled substance (LSD) in violation of § 204.401(1), The Code. We find his six assignments of error to be without merit and accordingly affirm the trial court.

The evidence taken in the light most consistent with the verdict shows the following. On March 19, 1975 Roger Timko (Timko), special agent with the Iowa division of narcotic and drug enforcement met Everett Hadley (Hadley) through an introduction by a confidential informant. Timko told Hadley he was interested in purchasing 1000 "hits" of LSD. Hadley, who was unaware Timko was a police officer, offered to introduce Timko to his "source." Timko, Hadley, the informant, and a friend of Hadley's drove together to an apartment complex. Only Timko and Hadley entered the complex. They went to an apartment occupied by James Carleton York (defendant) and Daniel Dario Lilli (Lilli). A female admitted Timko and Hadley to the apartment. Approximately 15 minutes later Lilli arrived. Defendant arrived shortly thereafter.

After defendant's arrival he and Timko conversed regarding the specific quantity of LSD to be purchased. Timko offered to buy $300 worth of LSD. This annoyed de-

fendant since he understood the purchase was to be for 1000 "hits." Nevertheless he sold Timko 441 "hits" of LSD for $300. The 441 "hits" were cut from a larger quantity contained in a brown folder carried into the apartment by defendant. After Timko's purchase Hadley also made a purchase of LSD from defendant.

Defendant and Lilli were separately tried for the delivery. After defendant was found guilty he requested and received an accommodation hearing. The jury found the sale was not an accommodation.

I. Defendant's first assignment assails the trial court's refusal to require the State to disclose the informant's identity. Identity of the informant had been sought prior to trial. The State refused indicating orally: (1) the life of the confidential informant would be endangered, (2) his real name was unknown, and (3) his whereabouts were unknown.

Rules governing disclosure of an informant's identity were summarized in *State v. LaMar*, 210 N.W.2d 600, 602–603 (Iowa 1973):

"Therefore, any determination as to whether an informer's identity is to be revealed requires a balancing of the aforesaid countering interests in light of the facts and circumstances peculiar to each case. Among facts to be considered in this weighing process are (1) nature of the offense charged; (2) defenses raised; and (3) potential significance of an informer's testimony.

"The burden in inceptionally upon defendant to show cause for such disclosure. And in this regard the mere assertion of entrapment as a defense to a criminal charge will not suffice.

"But when showing is made by an accused that an informer's identity is material to his defense or essential to a fair trial the informer privilege disappears. (Authorities).

"Moreover, courts have generally held the identity of an informer must be disclosed when the informant participated in or witnessed the crime charged. (Authorities)." See also *State v. Sheffey*, 243

N.W.2d 555, 557–560 (Iowa 1976); *State v. Crawford*, 202 N.W.2d 99, 102 (Iowa 1972); *State v. Battle*, 199 N.W.2d 70, 71–72 (Iowa 1972); *State v. Denato*, 173 N.W.2d 576, 577–579 (Iowa 1970). Under these authorities our question is whether defendant has met his burden of showing the informant's identity is material to his defense or essential to a fair trial.

This is not a case where the informant was a participant in or a witness to the alleged offense. Here the informant introduced Timko to Hadley who in turn introduced Timko to defendant. The informant also rode with Timko and Hadley when they drove to defendant's apartment to make the drug purchase. But the informant remained in the van during the transaction. See *Sheffey, supra*, 243 N.W.2d at 559 where it is stated: "Although the informant's physical presence at the scene of the alleged crime is of significance, it is not sufficient, standing alone, to hold him a participant and thus affect the nondisclosure privilege. (Authority)."

The informant in the instant case did not observe the sale nor anything which transpired inside defendant's apartment. He would only be able to testify as to: (1) time of arrival at defendant's apartment, (2) time of departure from defendant's apartment, (3) whether Timko and Hadley returned from defendant's apartment with LSD, and (4) the remuneration paid him by Timko for introducing Timko to Hadley.

Defendant's version of the evidence, rejected by the jury, basically concedes Timko and Hadley purchased LSD during the transaction but only as an accommodation to Hadley who was a longtime friend of Lilli. Thus it cannot be said defendant needed informant's testimony regarding point three. Neither do we believe the remuneration (point four) was material to the defense nor essential to a fair trial. Any remuneration to the informant for this introduction does not relate to the question of whether defendant sold LSD to Timko.

A better argument can be made the informant's testimony was necessary as to

points one and two, the time of arrival at and departure from defendant's apartment. Defendant and Lilli testified the transaction occurred around 5:30 in the evening. Officers Timko and Keenley testified it occurred around 10:30 a. m. If the informant had agreed with defendant's testimony regarding the time of the transaction it is arguable the defendant's version of the transaction might have been more believable to the jury. It is interesting to note another witness could have testified regarding the time of arrival and departure. Hadley's friend rode to defendant's apartment with Timko, Hadley, and the informant. But defendant did not call this witness during trial.

The burden is upon defendant to show his need for disclosure. *Sheffey, supra,* 243 N.W.2d at 559. We believe defendant did not make such a showing to the trial court. Defendant's three pretrial discovery motions which sought the identity of the informant were bare assertions and conclusory allegations that the informant's identity was needed to help prepare the defense. Because of defendant's inadequate showing of need for disclosure we hold the trial court did not err in denying the request for identity of the confidential informant.

■ We should mention two special arguments defendant urges in this assignment. First he points to cross-examination testimony of State witnesses Timko and Keenley which identified Kip Moore as the informant. The State did not object to this disclosure. Defendant argues this shows there was no real intent by the State to protect Kip Moore.

Defendant did not complain of the testimony disclosing the confidential informer at the time of trial. Hence the trial court had no chance to consider the effect of this testimony upon its earlier ruling. Defendant may well have thought the harm had already been committed and a complaint at that time would be fruitless. In any event we do not believe disclosure at this trial reflects adversely on the State's motives prior to trial. By the time of trial the informant's name was becoming well-

known by reason of disclosure efforts in the other cases. Any advantage in keeping the name secret was by then dissipated.

Defendant also argues, after trial of this case defendant learned another trial court, in another case, had ordered disclosure of the identity and present location of the confidential informant. Three days prior to the trial of this case Kip Moore's identity was in fact disclosed in the other case. Subsequent to defendant's trial other persons who were charged in cases involving Officer Timko and the informant Kip Moore were afforded an opportunity to interview and depose Kip Moore.

■ The decisions on disclosure and identity of an informant must be made on a case by case basis. *Sheffey, supra,* 243 N.W.2d at 557. Disclosure may be required in one case and not in another. In the record before us we have only the State's oral contentions resisting disclosure in this case. We have no record of the State's oral contentions in the other cases. It is impossible to compare this case with the ones to which defendant refers. We cannot, on the basis of this record, say the trial court erred in allowing discovery in other cases and denying discovery in this one.

Defendant's first contention is without merit.

II. Defendant's second assignment is one of two which challenge the trial court's instruction regarding accommodation and intent to profit. After the accommodation hearing the trial court instructed the jury as follows:

"Ladies and gentlemen, having returned a verdict convicting the Defendant of the offense of Delivery of a Schedule I Controlled Substance, to-wit: LSD (lysergic acid diethylamide), the Court is required by law to submit an additional issue for the jury's consideration and applicable instructions with respect thereto. The jury should now further consider the question of whether or not the State has established by evidence beyond a reasonable doubt, including all of the evidence offered and received upon the trial of the case, and prior to this

supplemental submission to the jury, whether or not the delivery of lysergic acid diethylamide for which the Defendant has been convicted in your verdict was done as accommodation to another individual, namely Roger Timko, without intent to profit thereby."

In this assignment defendant argues an accommodation is possible with, as well as without, an intent to profit. The trial court limited the finding of accommodation to a situation where there is no intent to profit. Defendant argues this was error. We reached a contrary conclusion in *State v. McNabb*, 241 N.W.2d 32, 33 (Iowa 1976). Our decision in *McNabb* is controlling.

Defendant's second contention is without merit.

III. Defendant's third assignment is an alternative challenge to the accommodation instruction. In this assignment he claims the jury was not properly instructed as to the meaning of "accommodation to another individual." After a preliminary draft of the instruction was presented to counsel it was altered at the suggestion of defendant to add the phrase "as an accommodation to another individual." When the trial court undertook to insert the language it also, at the State's request and over defendant's objection, limited the "other individual" to Timko by placing his name in the instruction. This foreclosed any possibility the jury could find the delivery took place as an accommodation to Hadley. Defendant argues this denied him a fair opportunity to take advantage of the accommodation section, § 204.410, The Code.

This assignment calls for an interpretation of our language in *McNabb, supra,* 241 N.W.2d at 35 which defines accommodation: " * * * to furnish, as a favor to the recipient, something the recipient desires." The question is what is meant by the word recipient. Is the recipient the person who received the drugs? Is the recipient the person who received the accommodation? We believe the legislature intended the term recipient to denote the person receiving the accommodation. It may or may not be the person receiving the drugs. To any extent the instruction of the trial court limited the possibility of accommodation to the person actually receiving the physical delivery of the drugs it was error.

However any such error is of no aid to this defendant because, under our holding in *McNabb, supra,* 241 N.W.2d at 34–35, an accommodation can never exist where intent to profit exists. In the instant case the jury expressly found an intent to profit existed. They returned the following verdict:

"We, the jury, find that the State has established by evidence beyond a reasonable doubt that the Defendant, James Carleton York, intended to profit as a result of the delivery of the controlled substance which formed the basis of his conviction of the charge in the County Attorney's Information."

We do not believe the inclusion of Timko's name in the instruction had any effect on the jury's finding of an intent to profit.

Although it does not affect the outcome of this appeal we note § 204.410, The Code, 1977, now provides a defendant is an accommodator where the State does not prove he sold with an intent to profit.

Defendant's third contention is without merit.

IV. Defendant's fourth contention claims error in the failure of the trial court to dismiss this prosecution because of delay between the time of the alleged offense and the time of prosecution. Defendant complains the delay of 200 days left him unable to identify and locate individuals who could testify as to his whereabouts on the date of the alleged violation. He contends he was prejudiced in his efforts to recall the events of the day and this has seriously hindered his ability to defend himself.

After submission of this appeal we filed our opinion in *State v. Burrell,* 255 N.W.2d 119 (Iowa 1977) in which we decided this question adversely to defendant's contention. See also *United States v. Lovasco,* —— U.S. ——, 97 S.Ct. 2044, 52 L.Ed.2d 752. As in *Burrell,* defendant in the instant

case has failed to show he was actually prejudiced in defending himself. His claim of a general inability to reconstruct the events is insufficient. Under our holding in *Burrell* we are bound to find defendant's fourth contention is without merit.

V. Defendant next contends the trial court erred in failing to direct a verdict of not guilty. The well-settled rules controlling our review of denial of motions for directed verdict have been reviewed many times. A trial court should not direct a verdict if there is any substantial evidence reasonably tending to support the charge. The evidence must be sufficient to raise a fair inference of guilt and must be more than a suspicion, speculation, or conjecture. *State v. Lewis*, 242 N.W.2d 711, 724 (Iowa 1976) and authorities.

Taking the evidence, outlined above, in the light most consistent with the verdict we believe there was ample evidence of the delivery.

The evidence of intent to profit was also ample. Timko testified of his knowledge and experience regarding drugs and drug transactions. He testified he originally agreed to purchase 1000 "hits" of LSD from defendant but the quantity to be purchased was changed to 441 "hits" due to his own lack of money. He testified defendant told him he (defendant) did not use drugs but only sold them. Timko testified there was discussion between him and defendant concerning future buys. Timko testified it was his opinion the sale of 441 "hits" of LSD for $300 would be a sale for profit.

Timko testified without objection[1] in his opinion a purchaser of 441 "hits" of LSD would be purchasing for resale purposes and that he told defendant he intended to resell the drugs. Timko testified he paid $300 to defendant. On cross-examination he testified $300 was somewhat less than what he expected to pay but that he had paid less for LSD on other occasions. He also testified Hadley paid approximately the same price for drugs Hadley purchased from defendant.

Although defendant disputed Timko's testimony the foregoing is substantial evidence reasonably tending to support the charge the sale was not for accommodation. The evidence is ample to raise a fair inference of guilt. The trial court did not err in overruling defendant's motion for directed verdict.

VI. Defendant's final assignment claims it was error for the trial court to permit the same jury which decided defendant's guilt to decide the issue of accommodation.

The record shows defendant did not object to the fact the same jury which found him guilty of delivery was being asked to decide the accommodation issue. This issue was first raised in defendant's motion for a new trial following the jury verdict after the accommodation hearing.

Raising this contention for the first time in a motion for new trial does not preserve error. *State v. Brewer*, 247 N.W.2d 205, 215 (Iowa 1976); *State v. Emery*, 230 N.W.2d 521, 525 (Iowa 1975). Since defendant did not preserve error on this contention we give it no consideration.[2]

As all of defendant's contentions are without merit the judgment of the trial court is affirmed.

AFFIRMED.

---

1. If timely objection had been interposed, this testimony would have been inadmissible under *State v. Ogg*, 243 N.W.2d 620, 621 (Iowa 1976).

2. Under § 204.410, The Code, 1977, the same jury decides all issues relating to the charge in one trial.