[No. AO20418. First Dist., Div. Four. Feb. 21, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL EUGENE CORKREAN, Defendant and Appellant.

---

---

COUNSEL

O'Hara & Moelk, James F. Moelk, Franklin R. Taft and Taft, Taft & Comisky for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Granucci, and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

**POCHÉ, J.**—Paul Eugene Corkrean was charged with possession of a machine gun in violation of Penal Code section 12220.[1] A jury was waived and he was tried by the court. The court found him guilty and placed him on three years probation. The question presented by his appeal is whether an element of the crime proscribed by section 12220 is knowledge that the weapon possessed is an automatic one. We hold that it is not.

### FACTS

Solano County Deputy Sheriff Hall, responding to a civil dispute on Jamison Canyon Road, observed appellant's car parked in the driveway. In plain view on the passenger side floorboard of the car was an AR 15 automatic rifle. Appellant acknowledged that the weapon was his.

A weapons expert testified that the AR 15 is a semiautomatic rifle which can be converted to a fully automatic weapon by the exchange of certain of its parts with M-16 parts. The necessary exchange of parts had been made on appellant's rifle. Appellant testified that he had recently rebuilt his weapon with parts he had purchased at a gun show. He stated that he had not had an opportunity to fire the weapon since making the changes and that it had been his belief that the weapon would fire only semiautomatically.

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

REVIEW

 Relying on *People* v. *Daniels* (1953) 118 Cal.App.2d 340 [257 P.2d 1038], the trial court ruled that it was unnecessary to determine whether appellant had knowledge of the automatic character of the rifle because such knowledge is immaterial to a violation of section 12220. Appellant contends that the Supreme Court in *People* v. *Winston* (1956) 46 Cal.2d 151, 158 [293 P.2d 40], overruled the reasoning in *Daniels* and that pursuant to *Winston* section 12220 should be construed to make knowledge an essential element of the offense of possession of a machine gun.

Section 12220 provides in pertinent part that "[a]ny person . . . who within this state . . . possesses or knowingly transports any firearms of the kind commonly known as a machine gun, . . . is guilty of a public offense . . . ." Pursuant to section 12200, the term "machine gun" includes any weapon that shoots automatically more than one shot, without manual re-loading.

In *People* v. *Daniels, supra,* 118 Cal.App.2d 340, the court held that it was clear from the terms and history of section 12220 that knowledge of the fact the firearm is a machine gun is not an essential element of the offense of possession of a machine gun. (At pp. 343-344.) Thereafter, in *People* v. *Winston, supra,* 46 Cal.2d at pages 158-161, the Supreme Court held that knowledge of the narcotic character of the article possessed is an essential ingredient of the offense of unlawful possession of narcotics. (For-mer Health & Saf. Code, § 11500; see now *id.,* § 11350.) Citing *People* v. *Gory* (1946) 28 Cal.2d 450, 456 [170 P.2d 433], the *Winston* court stated that "[w]hile specific intent to violate the law is immaterial to a conviction for the unlawful possession of a narcotic, knowledge of the object's narcotic character—that is, 'knowledge that the facts exist which bring the act . . . within the provisions of [the] code'—is required." (*Id.,* 46 Cal.2d at p. 158.)

*Winston* thus established as a matter of judicial construction that posses-sory offenses under the narcotics law include the element of knowledge of the narcotic character of the drug. (See *People* v. *Williams* (1971) 5 Cal.3d 211, 215 [95 Cal.Rptr. 530, 485 P.2d 1146]; cf. *People* v. *Daniels* (1975) 14 Cal.3d 857, 860 [122 Cal.Rptr. 872, 537 P.2d 1232] [sale offense]; see generally 2 Witkin, Cal. Crimes (1963) Crimes Against Public Peace and Welfare, § 689, pp. 632-633.) Whether the *Winston* holding is limited to the relevant provisions of the Health and Safety Code or extends to other possessory offenses has not been decided. (See 1 Witkin, *op. cit. supra,* Defenses, § 154, pp. 147-149.) *Winston* itself gives little guidance. Neither that case, nor *People* v. *Gory,* on which it relies, articulates a rationale for

the knowledge requirement at issue. However, in *People v. Cole* (1952) 113 Cal.App.2d 253, 258 [248 P.2d 141], also cited by *Winston*[2], the court stated its belief that to construe the narcotics possession statute otherwise, so as to permit punishment of innocent possession, would be unreasonable.

In the case at hand we are concerned not with the narcotics possession law, but with the statute commonly known as the machine gun law. (§ 12200.) No argument is made that the Legislature could not validly punish innocent possession of a machine gun, nor does it appear that such an argument would prevail. ■ The common law principle that there must be a union of act and wrongful intent, expressed in section 20, although basic, is not inviolable. (See *People v. Hernandez* (1964) 61 Cal.2d 529, 532 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092]; *People v. Vogel* (1956) 46 Cal.2d 798, 801 [299 P.2d 850].) ". . . Under many statutes enacted for the protection of the public health and safety, . . . criminal sanctions are relied upon even if there is no wrongful intent. . . ." (*People v. Vogel, supra,* at p. 801, fn. 2; see *People v. Hernandez, supra,* at p. 532.) As the court stated in *People v. McClennegen* (1925) 195 Cal. 445 [234 P. 91]: "'. . . Whether a criminal intent or guilty knowledge is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute, in view of its manifest purpose and design. There are many instances in recent times where the Legislature in the exercise of the police power has prohibited, under penalty, the performance of a specific act. The doing of the inhibited act constitutes the crime, and the moral turpitude or purity of the motive by which it was prompted and knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt. The only fact to be determined in these cases is whether the defendant did the act. In the interest of the public the burden is placed upon the actor of ascertaining at his peril whether his deed is within the prohibition of any criminal statute.'" (*Id.,* at pp. 469-470; cf. *People v. Satchell* (1971) 6 Cal.3d 28, 41-42 [489 P.2d 1361, 50 A.L.R.3d 383] [Legislature can prohibit mere possession of dangerous weapons without regard to innocent purpose]; but cf. *People v. Dillon* (1983) 34 Cal.3d 441, 496 [194 Cal.Rptr. 390, 668 P.2d 697] (conc. opn. of Bird, C. J.) [possible constitutional limitation on Legislature's power to define substantive crimes].) We thus perceive the issue before us to be simply one of statutory construction. (Cf. *United States v. Greenbaum* (3d Cir. 1943) 138 F.2d 437 [construction of Federal Food and Drug Act].)

■ As indicated, the Machine Gun Law prohibits possessing or "knowingly" transporting a machine gun. The statute thus is distinguishable from the narcotics possession and transportation law (former Health & Saf. Code,

[2] See 46 Cal.2d at page 158.

§ 11500; see now Health & Saf. Code, §§ 11350, 11352) because the latter does not use the word "knowingly" with respect to any of its prohibited acts. (See *People* v. *Daniels, supra,* 118 Cal.App.2d at p. 344.) In *Daniels* the court found this difference between the statutes dispositive. The court held that by its selective use of the word " 'knowingly' " in the machine gun law, the Legislature manifested a clear intention to punish any possession, but only knowing transportation. Explaining the possible rationale for this distinction, the court opined: "No doubt the Legislature felt that possession of a machine gun could hardly be had without knowledge that the object was in fact a machine gun; and that, on the other hand, there may be innocent, unwitting, inadvertent, or unintended acts of transportation." (*People* v. *Daniels, supra,* 118 Cal.App.2d at p. 345.)

That the *Daniels* court correctly construed the Legislature's intention in the machine gun law is suggested by a review of other provisions of The Dangerous Weapons' Control Law (Pen. Code, pt. 4, tit. 2, §§ 12000-12601), of which the machine gun law is now a part. In addition to possession of a machine gun (§ 12220), other possessory offenses proscribed under The Dangerous Weapons' Control Law include possession of specified dangerous weapons (blackjack, billy, nunchaku, sawed-off shotgun, metal knuckles, etc.) or specified ammunition (§ 12020, subd. (a)), possession of destructive devices (§ 12303), possession of fixed ammunition of a caliber greater than a .60 caliber (§ 12304), possession of handgun ammunition designed to penetrate metal (§ 12320), and possession of tear gas or a tear gas weapon (§ 12420). The Dangerous Weapons' Control Law also prohibits the carrying of a loaded firearm in a public place. (§ 12031.)

A comparison of the terms of these statutes is instructive. The Dangerous Weapons' Control Law, as initially enacted in 1953 (Stats. 1953, ch. 36, § 1, pp. 653-665), prohibited any possession of a machine gun (§ 12220) and any possession of specified dangerous weapons (§ 12020), but prohibited only *knowingly* possessing tear gas or a tear gas weapon (§ 12420). Through subsequent amendments, The Dangerous Weapons' Control Law now additionally prohibits possessing or *knowingly* transporting specified fixed ammunition (§ 12304, added by Stats. 1967, ch. 1283, § 1, p. 3087), *knowingly* permitting another to carry a loaded weapon in one's car (§ 12034, added by Stats. 1977, ch. 528, § 1, p. 1732), and *knowingly* possessing and *knowingly* transporting specified handgun ammunition (§§ 12320, 12321, added by Stats. 1982, ch. 949, § 3, p. 3439). The Legislature's repeated selective use of the word "knowingly" throughout the Dangerous Weapons' Control Law thus supports the *Daniels* court's conclusion that, in the weapons field, the Legislature has consciously distinguished between possessory and other offenses requiring knowledge, and

possessory offenses punishable without regard to the defendant's awareness of the character of the item possessed.

 Furthermore, "[a] cardinal principle of statutory construction is that the Legislature is presumed to be aware of existing judicial practices and interpretations when it enacts a statute. [Citation.]" (*People* v. *Carrasco* (1981) 118 Cal.App.3d 936, 945 [173 Cal.Rptr. 688].) While passage of The Dangerous Weapons' Control Law in March of 1953 (see Stats. 1953, ch. 36, § 1, p. 653) preceded the June 5, 1953, decision in *Daniels,* we must conclude that as of 1967, 1977 and 1982, when the new provisions were added to The Dangerous Weapons' Control Law, the Legislature was aware of the *Daniels* opinion that selective use of "knowingly" in the weapons control field manifested a clear legislative intention. The Legislature's continued selective use of the term, and more particularly, its failure to amend the machine gun law to require knowledge, despite its amendment of the penalty provision (§ 12220, amended by Stats. 1976, ch. 1139, § 308, p. 5164; Stats. 1983, ch. 1092, § 328, p. —) and of the statutory definition of machine gun (§ 12200, amended by Stats. 1965, ch. 33, § 1, p. 913; Stats. 1967, ch. 1281, § 1, p. 3084; Stats. 1969, ch. 1003, § 1, pp. 1973-1974; Stats. 1983, ch. 101, § 148, p. —; see *People* v. *Tallmadge* (1980) 103 Cal.App.3d 980, 988 [163 Cal.Rptr. 372]), leads us to conclude that the Legislature was in accord with the *Daniels* court's interpretation of section 12220. (Cf. *People* v. *Thompson* (1977) 72 Cal.App.3d 1, 4-5 [139 Cal.Rptr. 800] [subsequent amendment of § 12001 codified an intent contrary to prior judicial decision].)

We further observe that other courts in interpreting provisions of The Dangerous Weapons' Control Law have followed the *Daniels* approach. Thus, in *People* v. *Harrison* (1969) 1 Cal.App.3d 115 [81 Cal.Rptr. 396], the court stated that section 12031, subdivision (a), "does not require knowledge that the gun was loaded, as the statute prohibits the carrying of a loaded firearm and does not specify knowledge it is loaded as an element of the crime." (*Id.,* at p. 120; see also *People* v. *Tallmadge, supra,* 103 Cal.App.3d at p. 987 [whether the machine gun receiver was a "frame" or "receiver" under § 12200 was a question of fact for the jury]; *People* v. *Favalora* (1974) 42 Cal.App.3d 988, 991 [117 Cal.Rptr. 291] [possession of inoperable sawed-off shotgun violated § 12020, subdivision (a)]; *People* v. *Stinson* (1970) 8 Cal.App.3d 497, 500 [87 Cal.Rptr. 537] [evidence that rifle was of prohibited length was sufficient to convict under § 12020, subd. (a)]; cf. *People* v. *Snyder* (1982) 32 Cal.3d 590 [186 Cal.Rptr. 485, 652 P.2d 42] [defendant's mistake concerning legal status as a felon not a defense to violation of § 12021].)

Appellant argues that in 1927, when the machine gun law was first enacted (Stats. 1927, ch. 552, § 1, p. 938), gun technology was relatively

simple, but with modern technology, expertise is needed to distinguish automatic weapons from legal rifles. He maintains, therefore, that to punish possession without proof of knowledge is unjust, and that, pursuant to *Baender* v. *Barnett* (1921) 255 U.S. 224 [65 L.Ed. 597, 41 S.Ct. 271], this court can write the requirement of knowledge into the statute.

*Baender* v. *Barnett* is distinguishable because the knowledge there at issue was knowledge of possession itself, not knowledge of the character of the thing possessed. Moreover, as indicated, in the machine gun law and related provisions of The Dangerous Weapons' Control Law, the Legislature has manifested its intention to dispense with knowledge of the character of the item possessed as an element of specified crimes. (Cf. *United States* v. *Greenbaum, supra,* 138 F.2d 437 [knowledge of adulteration not required under Federal Food, Drug and Cosmetic Act].) In these circumstances, and in the absence of constitutional compulsion to construe the statute as requiring knowledge that the firearm is a machine gun (cf. *Baender* v. *Barnett, supra,* 255 U.S. 224), we are not at liberty to construe section 12220 to comport with our notions of reasonableness. (See *People* v. *Daniels, supra,* 118 Cal.App.2d at pp. 344-345.) Whatever the merit of appellant's argument, the proper forum for its resolution is the Legislature, not this court. This is particularly true where, as here, any decision construing the statute to require knowledge would affect not only section 12220, but the entire spectrum of possessory offenses under The Dangerous Weapons' Control Law.

The order granting probation is affirmed.

Caldecott, P. J., and Panelli, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 18, 1984.