STATE of Iowa, Plaintiff-Appellee,

v.

Virginia Lee WINDERS,
Defendant-Appellant.

No. 83–1529.

Court of Appeals of Iowa.

Jan. 29, 1985.

Linda Del Gallo, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Steven K. Hansen, Asst. Atty. Gen., for plaintiff-appellee.

DONIELSON, Judge.

Defendant appeals from her convictions of third-degree theft in violation of Iowa Code sections 714.1(4) and 714.2(3), and possession of an offensive weapon in violation of Iowa Code sections 724.1 and 724.3. She asserts that evidence was insufficient to prove that defendant knowingly possessed an offensive weapon or exercised control over stolen property. We affirm.

On November 1, 1982, law enforcement officers executed a search warrant at the home of Virginia Lee Winders. An individual named Lonnie Willard was living with Winders and her children at the Cedar Rapids acreage. The officers found, *inter alia*, a sawed-off shotgun in the defendant's home and a stolen horse sleigh and buggy in a nearby garage.

In December 1982, defendant and her live-in companion, Lonnie Willard, were jointly charged with two counts of second-degree theft by exercising control over stolen property, one count of possession of an offensive weapon, and one count of unlawful possession of automobile titles. The jury subsequently found defendant guilty of one count of a lesser-included offense of third-degree theft and possession of an offensive weapon. She was sentenced to an indeterminate two-year term of imprisonment on the theft conviction and an indeterminate five-year term of imprisonment on

the weapons conviction, with the sentences to run concurrently. Defendant has appealed from the convictions on grounds of insufficient evidence.

## I.

Winder's first assignment of error is that the evidence was insufficient to prove that she knowingly possessed an offensive weapon. At trial, defendant testified that the shotgun in question was left in pieces in her yard by a third party and that she put the unassembled weapon in a closet to keep it away from her children. She acknowledged that she knew it was illegal to possess a sawed-off shotgun, but claimed she did not know the barrel on this particular gun was shorter than the legal limit. Defendant asserts that since she did not know the barrel length, she could not have knowingly possessed an offensive weapon.

Iowa Code section 724.3 provides:

Unauthorized possession of offensive weapons. Any person, other than a person authorized herein, *who knowingly possesses an offensive weapon* commits a class "D" felony. (emphasis added)

The central issue before this court is whether knowledge of the offensive nature of a weapon is an element of the offense defined in this section.

The Iowa Supreme Court has not had the opportunity to address this issue. We believe that the use of the term "knowingly" reflects the intent of the legislature that mere possession, per se, is not a crime under the statute. However, exactly what must be known is subject to dispute. One commentator has indicated that the offender must have knowledge both of his possession of the weapon and of the offensive quality, and that "proof that one knowingly possesses one of these permits an inference that he knows that it is an offensive weapon." J. Yeager & R. Carlson, Iowa Criminal Law and Procedure § 515 at 129–30 (1979). In contrast, the Uniform Jury Instructions require three elements: (1) the accused must have possession of a weapon; (2) the accused must know that he has possession of the weapon; and (3) the

weapon must be an offensive weapon as a matter of law. Iowa State Bar Association, II Iowa Uniform Jury Instructions Annotated (Criminal) at No. 2402 (1982).

■ In considering which of these alternative views is appropriate for analyzing this issue, we recognize that in criminal law the term "knowingly" has no fixed or precise meaning. It depends on the character of the offense involved. *See* 22 C.J.S. Criminal Law § 31(3) at 111 (1961).

When used in a prohibitory statute "knowingly" imports something more than carelessness or lack of inquiry. In such statutes, it has been held to mean merely a knowledge of the existence of the facts constituting the crime, or a knowledge of the *essential facts* and not to require the knowledge of the unlawfulness of the act or omission.

*Id.* (emphasis added). Thus, the question becomes whether knowledge of the barrel length of the sawed-off shotgun is an essential fact constituting the crime.

A review of case law from other jurisdictions reveals that few courts have addressed this particular question. However, federal decisions interpreting 26 U.S.C. § 5861 (1982) are instructive on this point. Section 5861 enumerates several prohibited acts involving firearms including possession of an unregistered firearm. While the statute does not specifically require that possession of the firearm be knowing, this requirement has been judicially imposed. *United States v. Freed,* 401 U.S. 601, 607, 91 S.Ct. 1112, 1117, 28 L.Ed.2d 356, 361 (1971). The prevailing rule is that the government need not prove the defendant had knowledge that the physical characteristics of the weapon rendered it subject to registration. *United States v. Vasquez,* 476 F.2d 730, 732 (5th Cir.1973); *United States v. Gardner,* 448 F.2d 617, 619 (7th Cir.1971); *Sipes v. United States,* 321 F.2d 174, 179 (8th Cir.1963). In *Vasquez,* the Fifth Circuit specifically recognized that "[s]cienter is established if the defendant be proved to have had knowing possession of an item which he knew to be a firearm,

*within the general meaning of that term."* 476 F.2d at 732 (emphasis added).

In *Commonwealth v. Sampson,* 383 Mass. 750, 762, 422 N.E.2d 450, 456–57 (1981), the Supreme Judicial Court of Massachusetts elaborated on the knowledge requirement within the context of Mass.Gen. Laws Ann. ch. 269 § 10(a) (West 1980) (carrying a firearm without a license). In order "to avoid possible constitutional doubts," the court had previously interpreted the provision to require "proof that the accused knew he was carrying a firearm." *Commonwealth v. Jackson,* 369 Mass. 904, 906, 344 N.E.2d 166, 174 (1976). In *Sampson,* the court explained this judicially-imposed requirement at length:

> Even though the government need not prove that a defendant knows he is carrying a firearm whose physical characteristics, such as barrel length, render it subject to regulation, we think it should be required to prove that he knows the instrument is a firearm within the generally accepted meaning of that term.

383 Mass. at 762, 422 N.E.2d at 456–57.

■ Certainly the federal statute and Massachusetts statute discussed above can be distinguished from section 724.3 of the Iowa Code. Unlike the Iowa provision, they have no language requiring knowledge. However, it cannot be ignored that this requirement has been consistently judicially imposed. We believe the Iowa statute should properly be interpreted as a codification of the general knowledge requirement imposed by common law in other jurisdictions. Thus, we hold that section 724.3 requires merely that the defendant had knowledge that she possessed a weapon within the general meaning of that term, rather than as statutorily defined. To hold otherwise would only serve to undermine the very purpose of the provision in regulating possession of weapons in the interest of public safety. Furthermore, it would place an almost impossible burden of proof on the State in prosecuting these types of offenses. Accordingly, we reject defendant's argument that since she did not know the barrel length of the gun she did not have sufficient knowledge to fall within the purview of the statute. Defendant was aware that she possessed a sawed-off shotgun. This is sufficient to meet the requirements of 724.3.

## II.

Defendant also presents a claim that the trial court acted improperly in overruling her motion for judgment of acquittal on count one, exercising control over stolen property in violation of Iowa Code section 714.1(4).

■ It is well settled that a trial court should not direct a verdict if there is substantial evidence reasonably tending to support the charge. *State v. York,* 256 N.W.2d 922, 927 (Iowa 1977). If there is evidence sufficient to raise a fair inference of guilt, then the court should not direct a verdict but should allow the case to go to the jury. *Id.* In determining whether the trial court acted properly, we view the evidence in a light most consistent with the verdict and in doing so, we conclude that there was ample evidence to justify presenting the issue to the jury.

■ The offense of exercising control over stolen property is composed of two elements: (1) the accused must exercise control over stolen property; and (2) the accused must do so with the knowledge that the property is stolen. *See State v. Hutt,* 330 N.W.2d 788, 790 (Iowa 1983). While Winder denied she knew the sleigh and buggy were stolen, there is substantial evidence in the record to indicate otherwise. The property was allegedly a gift to the defendant from Lonnie Willard, a man defendant knew to have dealt with stolen property. In light of Willard's continuing involvement with stolen property, a jury could properly conclude that the source of a supposed "gift" worth several hundred dollars would have been questioned by, if not obvious to, the defendant. Moreover, the stolen property was concealed in a garage, which indicates a consciousness of guilt. Viewing the evidence in the light

most favorable to the verdict, we conclude there was sufficient evidence to raise a fair inference of guilt.

AFFIRMED.

All judges concur except SNELL, J., and OXBERGER, C.J., who dissent.

SNELL, Judge (dissenting).

I respectfully dissent from the majority's finding that section 724.3 merely requires that the defendant have knowledge that he or she possesses a weapon within the general meaning of that term rather than as statutorily defined.

Penal statutes are to be interpreted strictly and doubts therein resolved in favor of the accused. *City of Cedar Falls v. Flett*, 330 N.W.2d 251, 254 (Iowa 1983).

Both the federal statute and the Massachusetts statute, which the majority rely on, do not contain language requiring knowledge. The Iowa statute clearly does. I believe the presence of this language in the statute distinguished the Iowa statute from those relied upon by the majority. Criminal statutes are to be strictly construed and any ambiguities are to be resolved in favor of the defendant. *U.S. v. Hepp*, 656 F.2d 350, 353 (8th Cir.1981).

The impact which the inclusion of the term "knowingly" can have in a criminal statute was discussed in *People v. Corkrean*, 152 Cal.App.3d 35, 199 Cal.Rptr. 375 (1984):

> ... Whether a criminal intent or guilty knowledge is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute, in view of its manifest purpose and design.... As indicated, the Machine Gun Law prohibits possessing or "knowingly" transporting a machine gun. The statute thus is distinguishable from the narcotics possession and transportation law (former Health & Saf.Code § 11500; see now Health & Saf.Code, §§ 11350, 11352) because the latter does not use the word "knowingly" with respect to any of its prohibited acts. (See *People v. Daniels, supra*, 118 Cal.

App.2d [340] at p. 344, 257 P.2d 1038.) In *Daniels* the court found this difference between the statutes dispositive. The court held that by its selective use of the word " 'knowingly' " in the Machine Gun Law, the Legislature manifested a clear intention to punish any possession, but only knowing transportation....

*Id.* at 38, 199 Cal.Rptr. at 377–78.

In a Colorado case, the defendant argued that for the jury to have found him guilty of possessing a weapon in violation of section 18–12–108, C.R.S. 1973 (1976 Supp.) it must have determined that he "intentionally" possessed the weapon and that his act of possession was "voluntary" as required by § 18–1–501(5), C.R.S. 1973 (1978 Repl. Vol. 8) and § 18–1–501(9) C.R.S.1973. *People v. Tenorio*, 197 Colo. 137, 144, 590 P.2d 952, 957 (1979). The court held:

> To convict one of possessing a weapon, the jury must find, not mere possession, but that the defendant "knowingly" possessed the weapon and that he understood that the object possessed was a weapon.

*Id.*, 590 P.2d at 957.

Finally, Kermit Dunahoo, in his article on the new Iowa Criminal Code, interpreted section 724.3 as follows: "This means that the offender must have knowledge both of his possession of the weapon and of the offensive quality." Dunahoo, The New Iowa Criminal Code, Part II, 29 Drake L.Rev. 237, 571 (1980).

I believe that the inclusion of the term "knowingly" demonstrates a legislative intent to distinguish mere possession of an offensive weapon from knowing possession of an offensive weapon. The term "knowingly" manifests a requirement that the defendant know he or she possesses a weapon and that the character of the weapon is offensive. I believe that the evidence in this case was insufficient to prove that the defendant knowingly possessed an offensive weapon.

OXBERGER, C.J., joins this dissent.