# IN THE COURT OF APPEALS OF IOWA

No. 18-0482
Filed January 23, 2019

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**THOMAS ALVIN MONSON,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Winneshiek County, John J. Bauercamper, Judge.

 Thomas Monson appeals his conviction, following an *Alford* plea, of possessing contraband in a jail. **POSSESSION OF CONTRABAND CONVICTION AND SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

 John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

 Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

 Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Thomas Monson appeals his conviction, following an *Alford* plea,[1] of possessing contraband in a jail.[2] He argues his counsel rendered ineffective assistance in allowing him to plead guilty absent a sufficient factual basis to support the charge. He specifically argues there is an inadequate factual basis for the "knowing" element of the crime. *See* Iowa Code § 719.7(3)(a) (2017).

We review claims of ineffective assistance of counsel de novo. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). Monson must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018).

A factual basis is a prerequisite to the court's acceptance of an *Alford* plea. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). In the guilty plea context, if counsel allows a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is an inadequate factual basis to support the charge, counsel breaches an essential duty and prejudice is presumed. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). A factual basis exists when the record, as a whole, discloses facts to satisfy the elements of the crime. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "The

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

[2] The *Alford* plea was part of a plea agreement which also called for Monson to enter guilty pleas to charges of carrying weapons, possession of marijuana, and possession of methamphetamine in return for charging and sentencing concessions on the part of the State.

record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).

The minutes of evidence reveal the following facts. As a result of a traffic stop, Monson was taken into custody on drug and weapon charges. After being arrested and waiving his *Miranda* rights, Monson was forthcoming with the arresting officer about his "history with methamphetamine use and multiple felony convictions in his past." Monson was then transported to the local jail for processing. Prior to entering the jail, the arresting officer questioned Monson if he had any other contraband on his person. Monson responded he "could have something in [his] smallest front pocket." The officer searched the pocket and located a hypodermic needle cap. Monson advised he had placed methamphetamine in the cap. No methamphetamine remained in the cap when the officer located it. Monson advised he "should not have anything else." Thereafter, while conducting an inventory of Monson's wallet, the jailer located a small bag of marijuana. When this bag was found, Monson advised he had forgotten about it.

At the plea hearing, Monson professed his innocence as to the possession-of-contraband charge but agreed there was a risk of a jury finding him guilty and he "could get a whole lot worse sentence" if he lost the benefits of the plea agreement. Monson tendered his *Alford* plea, and the court accepted it, concluding "there is enough facts to prove you guilty of this offense."

The question on appeal is whether there is a factual basis that Monson "*Knowingly* introduce[d] contraband into, or onto, the grounds of a . . . jail." *See*

Iowa Code § 719.7(3)(a) (emphasis added). "[I]n criminal law the term 'knowingly' has no fixed or precise meaning" and its interpretation "depends on the character of the offense involved." *State v. Winders*, 366 N.W.2d 193, 195 (Iowa Ct. App. 1985).

> When used in a prohibitory statute "knowingly" imports something more than carelessness or lack of inquiry. In such statutes, it has been held to mean merely a knowledge of the existence of the facts constituting the crime, or a knowledge of the *essential facts* and not to require the knowledge of the unlawfulness of the act or omission.

*Id.* (quoting 22 C.J.S. *Criminal Law* § 31(3) (1961)). Section 719.7(3)(a) requires that Monson knowingly introduced marijuana to the jail, i.e., he had knowledge of the existence of the fact he was in possession of marijuana when he entered into, or onto, the grounds of the jail. Monson was forthcoming with the arresting officer in his exchanges with him prior to arriving at the jail. Likewise, when questioned whether he was in possession of any contraband prior to entering the jail, he directed the officer to the hypodermic needle cap he had previously placed methamphetamine in, although there was no methamphetamine remaining in it when located by the officer. When the marijuana was found, Monson professed he had forgotten about its presence. Although he does not deny the marijuana was his, the offense to which he pled guilty requires that he knowingly introduced the marijuana onto the grounds of the jail. The only facts revealed in the record before us are that Monson was forthcoming with the officer and readily directed the officer to an area he suspected harbored methamphetamine, but neglected to direct the officer to the marijuana and later advised he forgot about its presence. We recognize there are cases in which the circumstances surrounding the incarceration of a defendant may support a "knowingly introduce" element even in

the face of a defendant's denial. The circumstances of this case, however, do not support a finding of a factual basis that Monson did knowingly introduce the marijuana into the jail. *State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011) (noting a factual basis requires "that the facts support the crime"). Upon our de novo review, we find the existing record does not demonstrate facts that support the offense. *See Ortiz*, 789 N.W.2d at 768.

Consequently, counsel failed to perform an essential duty in allowing Monson to plead guilty and proceed to immediate sentencing; prejudice is presumed in such a case. *See Rhoades*, 848 N.W.2d at 29. There may be additional facts and circumstances not appearing in the record that would support an inference Monson knew he was in the possession of the marijuana.

We are left with the question of disposition. The appropriate remedy following a finding of an inadequate factual basis has varied in situations where a defendant pleads guilty to multiple charges pursuant to a plea agreement; at least one, but not all, of the pleas is found to be deficient as lacking a factual basis; and it is possible that a factual basis can be shown. It is clear that a remand is appropriate to allow the State an opportunity to establish a factual basis; less clear is the procedural disposition. *Compare State v. Philo*, 697 N.W.2d 481, 483, 488–89 (Iowa 2005) (finding no factual basis for one of multiple charges defendant pled guilty to pursuant to plea agreement and vacating *sentence* on that charge and remanding for further proceedings in situation where it is possible that a factual basis could be shown); *Schminkey*, 597 N.W.2d at 787, 792 (same), *and State v. Hallock*, 765 N.W.2d 598, 601, 604, 606 (Iowa Ct. App. 2009) (same), *with State v. Gines*, 844 N.W.2d 437, 438–39, 441–42 (Iowa 2014) (finding no factual bases

for three of four charges defendant pled guilty to pursuant to plea agreement and vacating the *convictions* on those three charges and remanding for further proceedings in situation where it is possible that factual bases could be shown (citing *Schminkey*, 597 N.W.2d at 792)). This has led to inconsistent outcomes in the rulings of this court.[3] Monson has already tendered his plea, and the purpose of the remand is to allow the State to provide the additional and necessary information to establish a factual basis to support that plea. As such, the tender of the guilty plea must stand, and we conclude the district court's acceptance of guilty plea and all legal determinations after tender of the plea should be vacated, i.e., both the judgment of conviction and sentence for the charge. We therefore vacate the judgment and sentence for the possession-of-contraband charge and remand for further proceedings to give the State an opportunity to establish a factual basis for the guilty plea sufficient to satisfy Iowa Rule of Criminal Procedure 2.8(1)(b). *See Gines*, 844 N.W.2d at 441; *Schminkey*, 597 N.W.2d at 792.

There is also somewhat of a question on what happens if the State is able to establish a factual basis to support the plea. *Compare Gines*, 844 N.W.2d at 441–42 ("If the State can establish a factual basis for three separate and distinct

---

[3] *Compare, e.g., State v. Shelton*, No. 17-1724, 2018 WL 5839956, at *2 (Iowa Ct. App. Nov. 7, 2018) (vacating sentence), *State v. Fuller*, No. 17-1231, 2018 WL 3471096, at *4 (Iowa Ct. App. July 18, 2018) (same), *State v. Hankins*, No. 17-1436, 2018 WL 2084825, at *2 (Iowa Ct. App. May 2, 2018) (same), *State v. Buenneke*, No. 17-1056, 2018 WL 1433748, at *3 (Iowa Ct. App. Mar. 21, 2018) (same), *State v. Young*, No. 17-0749, 2018 WL 1182553, at *3 (Iowa Ct. App. Mar. 7, 2018) (same), *with, e.g., State v. Haynes*, No. 17-1476, 2018 WL 2085198, at *2 (Iowa Ct. App. May 2, 2018) (vacating conviction), *State v. Dearborn*, No. 17-0612, 2018 WL 542636, at *6 (Iowa Ct. App. Jan. 24, 2018) (same), *State v. Trombone*, No. 15-1696, 2016 WL 5484893, at *5 (Iowa Ct. App. Sept. 28, 2016) (same), *State v. Grim*, No. 15-0807, 2016 WL 4384501, at *2 (Iowa Ct. App. Aug. 17, 2016) (same); *see also Biggs v. State*, No. 17-0017, 2018 WL 1099060, at *3 (Iowa Ct. App. Feb. 21, 2018) (vacating guilty plea).

charges of intimidation with a dangerous weapon with intent, the district court shall resentence Gines on all counts, including Gines's conviction for a felon in possession of a firearm count."), *with State v. Royer*, 632 N.W.2d 905, 910 (Iowa 2010) ("If the State is successful, defendant's conviction and sentence shall be reinstated."). We fully acknowledge that the State's attempt to establish a factual basis may put new information before the court that could affect its sentencing decision. *See generally State v. Knight*, 701 N.W.2d 83, 86–88 (Iowa 2005) (discussing permissible sentencing considerations). But, in the event the State establishes a factual basis, we see no reason to require the district court to abandon an otherwise unchallenged sentence and enter a new one, unless the district court, in its discretion, determines to do so. As such, if the State is able to establish a factual basis on remand, the court shall enter judgment for possession of contraband, sentence Monson on that conviction, and may leave the prior sentences for the other offenses intact. But, if upon consideration of the additional factual record supporting the possession-of-contraband conviction, the court determines the entire sentencing scheme should be revisited, the court may resentence on all the convictions.

There is no question on what happens if the State is unable to establish a factual basis. In that situation, we must put the State back in the position it was in before making the plea agreement, and the district court should vacate all the sentences, convictions, and pleas, after which the State may reinstate any charges or sentencing enhancements dismissed or not pursued in contemplation of the plea agreement, file any additional charges supported by the available evidence,

and proceed against Monson on all such charges. *See Rhoades*, 848 N.W.2d at 33; *Gines*, 844 N.W.2d at 442.

**POSSESSION OF CONTRABAND CONVICTION AND SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**