# IN THE COURT OF APPEALS OF IOWA

---

No. 25-1224
Filed April 1, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Cory Thomas Parry,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Woodbury County,
The Honorable Zachary Hindman, Judge.

---

**AFFIRMED**

---

Pamela Wingert of Wingert Law Office, Spirit Lake, attorney for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, attorneys for appellee.

---

Considered without oral argument
by Tabor, C.J., Langholz, J., and Doyle, S.J.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

A jury found Cory Parry guilty of second-degree theft for exercising control over a stolen commercial lawnmower and other lawncare equipment.[1] *See* Iowa Code §§ 714.1(4), 714.2 (2024). Parry appeals his conviction, challenging the sufficiency of the evidence that he exercised control over the property knowing it to be stolen. Because substantial evidence supports the jury's verdict, we affirm Parry's conviction.

We review Parry's challenge to the sufficiency of the evidence supporting his conviction for correction of errors at law. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). We are bound by the jury's verdict "if the verdict is supported by substantial evidence." *Id.* Evidence is substantial when "sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* It matters not whether the evidence is direct or circumstantial. *See State v. Ernst*, 954 N.W.2d 50, 57 (Iowa 2021). And in assessing its sufficiency, we view "the evidence in the light most favorable to the State" and make all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *State v. Brown*, 5 N.W.3d 611, 615–16 (Iowa 2024) (cleaned up).

The jury heard evidence that one morning in August 2024, the owners of a lawncare business discovered that their standup lawnmower and other lawncare equipment—which they had been storing in a Sioux City hospital parking ramp for a couple of days—was missing. Because their lawnmower had a flat tire that left distinctive "rubber skid mark[s]" on pavement, one of the owners was able to follow a trail of skid marks for a few blocks from the

---

[1] Parry also admitted to being a habitual offender, so his conviction was enhanced under Iowa Code section 902.8 (2024). The district court sentenced Parry to a fifteen-year indeterminate prison sentence with a three-year mandatory minimum.

parking ramp to an alley behind a house and garage. As he approached, he saw their lawnmower parked outside the garage and saw two men standing nearby—one of whom was later identified as Parry. When they noticed the owner, he heard one of the men tell the other to "go shut the garage."

When the owner turned around to get a better look at the lawnmower, he saw that the garage had been shut. He also saw the lawnmower covered in "part of a car bumper, some tires, and some other miscellaneous," including "a tarp." It appeared that the items on the lawnmower were placed "to obscure it from view."

The owners called the police, who quickly came to the scene to investigate. They determined that Parry lived at the house and the garage was his. When questioned by a police officer, he said that the lawnmower "was there" when he came outside that morning and "he did not know how it got there." But Parry said the items on top of the lawnmower belonged to him. Using the lawnmower's identification number, the officers confirmed that the lawnmower was owned by the business owners.

Parry initially agreed to open the garage but then claimed he did not have a key and the automatic garage-door opener was broken. After obtaining a search warrant, police officers realized the door was jammed and had been knocked off its tracks. So they had to break into the garage, where they found the business owners' leaf blower, weed whacker, and backpack sprayer. And they found a battery for the sprayer inside Parry's home.

The police also located a video from a neighbor's security camera—which was played to the jury—showing around 4:30 that morning, Parry and another person left in a truck together. About eight minutes later, Parry returned in the truck alone and waited, pacing around outside the garage.

And then, roughly eight minutes after that, the person who had left in the truck with Parry returned riding on the standing lawnmower. Parry and the person on the lawnmower were then seen together doing something—precisely what is unclear because of vehicles blocking the camera's view—in the area near where the lawnmower was ultimately found covered up by Parry's things.

Parry now argues on that this evidence merely showed "[h]is presence at the home and being in the vicinity of the property which had been stolen" and was thus not enough for a jury to find that he "exercised control over property knowing it to be stolen." But his recounting of the evidence ignores the video from his neighbor's security camera showing his involvement in bringing the stolen property to his home. So too does it overlook much evidence that he tried to conceal the stolen property—both the lawnmower outside and the other equipment in his garage. *See State v. Winders*, 366 N.W.2d 193, 196 (Iowa Ct. App. 1985) (reasoning that "stolen property" that "was concealed in a garage . . . indicates a consciousness of guilt"). Together with the evidence that the stolen property was found in Parry's driveway, garage, and home—and Parry's denial to police of any knowledge how the property came to be there—this evidence was sufficient to convince a rational jury beyond a reasonable doubt that Parry exercised control over the property and knew it was stolen. We thus affirm Parry's conviction.

**AFFIRMED.**