[No. 20382.   In Bank. — April 26, 1888.]

## THE PEOPLE, RESPONDENT, *v.* FRANK E. BURNS, APPELLANT.

CRIMINAL LAW — INDICTMENT OF ELECTION INSPECTOR FOR BREACH OF DUTY — REFUSAL TO SWEAR VOTER — ELECTION IN SAN FRANCISCO. — The indictment set forth that on the twelfth day of April, 1887, at the city and county of San Francisco, at a special election called by the board of election commissioners for the purpose of voting for or against the new charter proposed by the board of freeholders elected, etc., that defendant was the duly appointed, qualified, and acting inspector of election of the first precinct of the twenty-ninth assembly district, in the city and county, and while defendant was acting as such inspector at the said election for the district and precinct aforesaid, one Charles Myron Emerson, "a duly qualified elector of the said city and county, offered to vote at the polling-place of said precinct"; that said Emerson was thereupon challenged that he had before voted that day; that Emerson then and there demanded that defendant administer to him the oath prescribed by section 1234 of the Political Code (reciting the oath); and that defendant, well knowing the provisions of the laws of the state of California relating to elections and the duties with which he was charged thereunder as inspector aforesaid, knowingly, willfully, fraudulently, and feloniously refused to administer to said Emerson the oath aforesaid. *Held*, that the indictment was sufficient, and that an averment that Emerson was registered on the precinct register was not essential.

ID. — INSTRUCTION — PRESUMPTION OF KNOWLEDGE OF LAW. — On the trial, the court, at the request of the prosecution, charged the jury that the "defendant is presumed by law, as inspector, to know at his peril what the law was, and it would furnish no excuse to him that he may have supposed that the law was different from what it was. But in order that you may find him guilty, it must appear that he acted knowingly and fraudulently": *held*, that the instruction was proper.

APPEAL from a judgment of Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Robert Ferral,* and *G. W. McEnerney,* for Appellant.

*Attorney-General Johnson,* for Respondent.

THORNTON, J.—The defendant was convicted of a vio-
lation of section 41 of the Penal Code. That section is
as follows: "Every person charged with the performance
of any duty, under the provision of any law of this state
relating to elections, who willfully neglects or refuses to
perform it, or who, in his official capacity, knowingly
and fraudulently acts in contravention or violation of
any of the provisions of such laws, is, unless a different
punishment for such acts or omissions is prescribed by
this code, punishable by fine not exceeding one thousand
dollars, or by imprisonment in the state prison not ex-
ceeding five years, or by both."

The defendant did not demur to the indictment, but
makes the objection here that the facts stated in it do
not constitute a public offense.

The indictment set forth that on the twelfth day of
April, 1887, at the city and county of San Francisco, at
a special election called by the board of election commis-
sioners for the purpose of voting for or against the new
charter proposed by the board of freeholders elected, etc.,
that defendant was the duly appointed, qualified, and
acting inspector of election of the first precinct of the
twenty-ninth assembly district in the said city and
county, and while defendant was acting as such inspector
at the said election for the district and precinct afore-
said, one Charles Myron Emerson, "a duly qualified
elector of the said city and county, offer to vote at the
polling-place of said precinct"; that said Emerson was
thereupon challenged that he had before voted that day;
that Emerson then and there demanded that defendant
administer to him the oath prescribed by section 1234 of
the Political Code (reciting the oath); and that defendant,

well knowing the provisions of the laws of the state of California relating to elections and the duties with which he was charged thereunder as inspector aforesaid, knowingly, willfully, fraudulently, and feloniously refused to administer to said Emerson the oath aforesaid.

It is prescribed by the act of the legislature in regard to the registration of voters in the city and county of San Francisco (see Stats. 1877–78, p. 303, sec. 15), which provides, *inter alia*, for the registration of electors on precinct registers, "that no person shall vote at any election except he be legally-registered upon the precinct register of the precinct in which he is a qualified voter."

It is contended that to constitute a person a duly qualified elector of the city and county of San Francisco, he must be registered on the register of the precinct where he offers to vote, and that the allegation that Emerson was a duly qualified elector of the city and county of San Francisco, without making it appear by averment that he was registered on the precinct register, is insufficient, and that as the indictment is wanting in this latter averment, it does not state facts constituting a public offense.

The offense to which the indictment is directed is the refusal of the defendant, in his official capacity as inspector, to administer the oath to Emerson, when he was challenged on the ground stated in it. These facts constitute the offense, and they are clearly and fully stated in the indictment. The averment objected to as insufficient is matter merely introductory to the offense charged, —matter of inducement. Such matter need not be stated with the same minuteness as the main charge. (*State* v. *Mayberry*, 48 Me. 218.)

The allegation as made in the indictment necessarily includes the fact that Emerson's name was on the precinct register. The general form of averment adopted in the indictment includes the particular fact that the voter's name was on the register of the precinct where

he offered to vote. Therefore, when it is averred that Emerson was a duly qualified elector of the city and county of San Francisco, all the facts, by an implication as strong as an express allegation, are averred, which are necessary to make him a qualified elector.

We are of opinion that the indictment apprised the defendant of what he had to meet on the trial, and that it complies with the requirements of section 959 of the Penal Code, which sets forth in detail the requisites of a sufficient indictment, and is sufficient.

At the request of the prosecution, the court instructed the jury as follows:—

"Defendant is presumed by law, as inspector, to know at his peril what the law was, and it would furnish no excuse to him that he may have supposed that the law was different from what it was. But in order that you may find him guilty, it must appear that he acted knowingly and fraudulently."

Defendant contends that by this instruction the jury was directed that they might find defendant guilty of a penal offense for an error of judgment.

As a general rule, a person who has done an act which is criminal cannot defend himself by reason of his ignorance of the law. (See Broom's Legal Maxims, 6th Am., 4 London ed., pp. 249, 250, 264, on maxim, *Igorantia facti excusat*, etc.) Ignorance of fact excuses, but ignorance of law does not. "The law," says Tindal, C. J., in *McNaghten's Case*, 10 Cl. & F. 210, "is administered upon the principle that every one must be conclusively taken to know it without proof that he does know it."

The signification of the word "knowingly," when used in the Penal Code, is defined by its seventh section (fifth subdivision) as importing only a knowledge that the facts exist which bring the act or omission within its provisions. It does not require any knowledge of the unlawfulness of such act or omission.

The word "knowingly," when used in any section of

the Penal Code, must be construed to import only a knowledge of facts. It has no reference to a knowledge of the law. So construed, the fifth subdivision of section 7 of the Penal Code accords with the maxim referred to and the rule above stated, that ignorance of fact does and ignorance of law does not excuse.

In accordance with the above, the defendant must be held to have known the penal law which he was charged with violating in refusing in his official capacity to administer the oath to Emerson, and that the court did not err in charging the jury. The remainder of the instruction is substantially in the language of the statute. (Pen. Code, sec. 41.)

We find no error in the record, and the judgment is affirmed.

So ordered.

MCFARLAND, J., SEARLS, C. J., SHARPSTEIN, J., and McKINSTRY, J., concurred.

Rehearing denied.