[Crim. No. 1983. In Bank.—June 28, 1916.]

## In the Matter of the Application of M. B. AHART, for a Writ of Habeas Corpus.

STATUTORY CONSTRUCTION—CRIMINAL INTENT—VALIDITY OF LAW.— There are some acts made crimes by the very terms of the law where the fraudulent or wicked intent is conclusively presumed from the commission of the act itself, or where the act is denounced as criminal without regard to the facinorous intent, but, upon the other hand, whether a criminal intent or a guilty knowledge is a necessary ingredient of a statutory offense is often a matter of construction, and when a criminal statute is thus open to construction, two fundamental principles lie at the very threshold of the inquiry into it; the first of these is that the law will be upheld unless it be clearly obnoxious, and the other is that of two permissible constructions that one under which the law is valid will be adopted as expressing the intent of the legislative body.

ORDINANCE—TRANSPORTING INTOXICANTS TO INHIBITED PLACE—VALIDITY OF ORDINANCE.—An ordinance forbidding the sale or dispensing of alcoholic liquors save in designated places in a city and under prescribed restrictions, and providing that every person who transports within the city spirituous, or vinous, or malt, or mixed, liquors or intoxicating drinks, or vessels for containing the same, to any place, the establishing or keeping of which is prohibited by the ordinance, shall be deemed guilty of a misdemeanor, is open to either of two interpretations which confirm its validity; that is, that the law in general terms denounces the transportation to an inhibited place without making the wrongful intent a declared ingredient of the crime, but always making the innocent state of the mind of the defendant a complete defense, or that it intends to denounce the act only when accompanied by some evidence of the wrongful intent.

ID.—PLEADING—SUFFICIENCY OF COMPLAINT.—In a prosecution under said ordinance, a complaint charging that the defendant did "willfully and unlawfully" transport intoxicants to an inhibited place, is sufficient to charge the defendant with the performance of the act with a wrongful intent and to justify his being placed upon trial, as, although the word "willful" imports no more than a design to do the specific act, the allegation that it was done "unlawfully" is sufficient to charge a wrongful intent.

APPLICATION originally made to the Supreme Court for a Writ of Habeas Corpus directed against the City Marshal of the City of Covina.

The facts are stated in the opinion of the court.

H. N. Welles, and Robert P. Jennings, for Petitioner.

A. M. Pence, and Gail & Pence, for Respondent.

HENSHAW, J.—Petitioner was arrested for violating the terms of the liquor ordinance of the town of Covina. He sued for and obtained this writ of *habeas corpus* under his contention that the ordinance is void, and that consequently the criminal complaint against him founded upon that ordinance is likewise void.

The ordinance forbids the sale or dispensing of alcoholic liquors saving in designated places and under prescribed restrictions, and then in section 5 declares that "Every person who . . . transports within the city of Covina, spirituous, or vinous, or malt, or mixed, liquors or intoxicating drinks, or vessels for containing the same, to any place, the establishing or keeping of which is prohibited by this ordinance . . . shall be deemed guilty of a misdemeanor." The complaint against this defendant was framed under this provision of the ordinance and specifically charged him with "willfully and unlawfully" transporting such intoxicants to an inhibited place.

Petitioner does not question but that the intentional transportation to such a place by one knowing the character of it, which intentional transportation may thus be considered to be in aid of the conduct of the illicit and prohibited business, can be denounced as a crime. His contention, argued with great earnestness and presented in many different forms, is that this ordinance has not done that thing, but has attempted to make criminal, acts which any person may do under the sanction and protection of the constitution of the United States and the constitution of the state of California. Herein it is pointed out that the ordinance itself would make guilty of crime any person who, without knowledge of the character of the place and without intent to violate the law, innocently and in ignorance of the character of the place transported to it forbidden liquors. That thus a common carrier would subject itself to punishment, as would also the innocent driver of a delivery wagon who might be called upon to leave intoxicants at such a place, even though he knew not the character of the place nor that the package which he was instructed to deliver contained intoxicants.

It is true that the ordinance does not in terms base its
punishment upon the knowledge of the defendant of the char-
acter of the place, coupled with the intent which may be in-
ferred from the act of delivery when he possesses such knowl-
edge.    But we are not greatly concerned with this situation,
and need say no more than that if this law deliberately made
it a crime for the doing of such an act innocently performed,
it would indeed be a harsh one.    We say that we are not
deeply concerned because the construction which we put upon
this ordinance does not compel this harsh construction.    It is
true that there are some acts made crimes by the very terms
of the law where the fraudulent or wicked intent is conclu-
sively presumed from the commission of the act itself or where
the act is denounced as criminal without regard to the facin-
orous intent (2 Wharton on Criminal Evidence, 8th ed., sec.
1695; *People* v. *O'Brien,* 96 Cal. 171 [31 Pac. 45]), but, upon
the other hand, whether a criminal intent or a guilty knowl-
edge is a necessary ingredient of a statutory offense is often
a matter of construction (*Commonwealth* v. *Weiss,* 139 Pa.
St. 251, [23 Am. St. Rep. 182, 11 L. R. A. 530, 21 Atl. 10]),
and when a criminal statute is thus open to construction, two
fundamental principles lie at the very threshold of the in-
quiry.    The first of these principles is that the law will be
upheld unless it be clearly obnoxious, and the other is that
of two permissible constructions that one under which the
law is valid will be adopted as expressing the intent of the
legislative body.

Therefore, we do not construe section 5 of the Covina ordi-
nance as designed to inflict punishment upon an innocent
person who shall so transport intoxicants.    The case comes
quite clearly within the reasoning and principle of the Eng-
lish case of *Regina* v. *Tolson,* L. R. 23 Q. B. Div. 168, [1889],
s. c., 40 Alb. L. J. 250, which case itself receives detailed con-
sideration in 2 Lewis' Sutherland's Statutory Construction,
section 527.    The case was a criminal charge against a
woman for a bigamous marriage.    It had been held that one
who marries a second time under an honest but an erroneous
belief that a decree of divorce which had been granted was
valid is afforded no protection by the invalid decree, and that
evidence of his good faith will be excluded.    (2 Wharton on
Criminal Evidence, 8th ed., sec. 1695a.)    But in the later
Tolson case the woman had married five years instead of

seven years after her husband's desertion of her, under the belief held in good faith that her husband was dead. The proposition considered was whether honest belief and good faith constituted a defense. It was conceded that the prisoner "falls within the very words of the statute." Cave, J., said: "At common law an honest and reasonable belief in the existence of circumstances, which, if true, would make the act for which the person is indicted an innocent act, has always been held to be a good defense. . . . So far as I am aware it has never been suggested that these exceptions do not equally apply to the case of statutory offenses unless they are excluded expressly or by necessary implication."

Placing the ordinance under this construction it may be given one of two interpretations, either of which confirms its validity. The first of these is that the law does in general terms denounce the transportation to an inhibited place without making the wrongful intent a declared ingredient of the crime, but always, as in *Regina* v. *Tolson,* making the innocent state of mind of the defendant a complete defense. The second construction to which we incline is that the law intends to denounce the act only when accompanied by some evidence of the wrongful intent.

Under either of these, as has been said, the ordinance is not invalid.

Turning next to the complaint: It alleges that the defendant "willfully and unlawfully" transported the intoxicants. "Willfully," of course, imports no more than a design to do the specific act. But the charge is also that the act of transportation was unlawfully performed. This employment of the word is not merely epithetical but is sufficient to charge the defendant with the performance of this act with a wrongful intent, and is thus sufficient to justify his being placed upon trial.

The writ is therefore discharged and the prisoner remanded.

Melvin, J., Shaw, J., Sloss, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.