[Crim. No. 4956.   Second Dist., Div. Three.   June 5, 1953.]

THE PEOPLE, Respondent, v. WILLIE R. DANIELS, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted by a jury of a violation of the statute commonly known as the Machine Gun Law. He appeals from the judgment and the order denying his motion for a new trial.

The statute provides: "Section 1. On and after the date upon which this act takes effect every person, firm or corporation, who within the State of California sells, offers for sale, possesses or knowingly transports any firearms of the kind commonly known as a machine gun, except as herein prescribed, is guilty of a public offense. . . . ." Section 2 defines a machine gun. (Stats. 1933, ch. 450, p. 1169; 1 Deering's Gen. Laws, Act 1971.)

The information charged that on July 11, 1952, defendant "did wilfully, unlawfully and feloniously have in his possession a certain firearm of a kind commonly known as a machine gun."

The court gave the following instruction to the jury: "743. To constitute the offense charged against the defendant in the information, the possession of the weapon knowingly by him, as charged, is sufficient, and if the defendant knowingly had such possession, his intent or purpose, if any, in respect thereto is immaterial."

The assignment of error is that the court erred in giving an instruction immediately following the one just quoted, which reads: "The word 'knowingly' in the preceding instruction (No. 743) does not necessarily include knowledge of the fact, if it be a fact, that the weapon was a machine gun as heretofore defined. In other words, if you are convinced beyond a reasonable doubt that on or about the date charged in the information the defendant knowingly possessed a weapon, and if you should further find that he did not know that the weapon was a machine gun within the definition heretofore given but if you find that the said weapon was in fact a machine gun within the definition heretofore given, you should find the defendant guilty, notwithstanding the fact that he did not know the weapon to be a machine gun within such definition."

It was established that the firearm was a machine gun. Defendant admitted he had possession of it at the time charged. He testified he did not know anything about guns. He was asked: "Did you know when you got it that it was fully automatic?" An objection by the People to the question was sustained. There was no evidence he knew it was a machine gun or that it was fully automatic. He argues, in the absence

of proof that he had knowledge the firearm was a machine gun, that the verdict is unsupported, and that in any event the instruction was erroneous.

It is the universal rule that it is within the power of the Legislature to declare an act criminal, irrespective of the knowledge of the doer that the facts exist which make the act unlawful. (*People* v. *McClennegen,* 195 Cal. 445, 468 [234 P. 91]; 22 C.J.S. 85, § 30; 14 Am.Jur. 768, § 16.)

Whether knowledge of the facts is a necessary element of a statutory offense is a matter of construction to be determined by considering the subject matter of the statute, its language, the evil sought to be eradicated, its manifest purpose and design, and the consequences of the several constructions to which the statute may be susceptible. (*Matter of Application of Ahart,* 172 Cal. 762, 764 [159 P. 160]; *People* v. *McClennegen,* 195 Cal. 445, 469 [234 P. 91]; *United States* v. *Balint,* 258 U.S. 250 [42 S.Ct. 301, 66 L.Ed. 604, 605]; *United States* v. *Greenbaum* (3 Cir.), 138 F.2d 437; 22 C.J.S. 85, § 30.)

*Knowing possession* is not to be confused with criminal intent or with knowledge that an act is a violation of law. The latter signify an evil purpose. Knowing possession or "knowingly" signifies knowledge of the existence of a fact or facts—in this case, knowledge that the firearm was a machine gun. Section 7 (5) of the Penal Code says: "The word 'knowingly' imports only a knowledge that the facts exist which bring the act or omission within the provisions of this code. It does not require any knowledge of the unlawfulness of such act or omission; . . . " When used in a statute creating a criminal offense the word "knowingly" must be construed to import only knowledge of the facts. It has no reference to knowledge of the law. (*People* v. *Burns,* 75 Cal. 627, 630 [17 P. 646].)

An examination of the terms and history of the statute convinces us that knowledge of the fact the firearm is a machine gun is not an essential element of the offense of possession. The Machine Gun Law was enacted in 1927. (Stats. 1927, ch. 552, p. 938.) As originally enacted, it made possession, not transporting, a crime. It was titled "An act to prohibit the possession of machine rifles, machine guns and submachine guns. . . ." In 1931 the statute was amended to provide that "every person . . . who . . . sells, offers for sale, possesses or knowingly transports" a machine gun is guilty of a public offense. (Stats. 1931, ch. 1050, p. 2203.) An

amendment in 1933 did not change this wording. (Stats. 1933, ch. 450, p. 1169.)

The Legislature denounced any possession and denounced only "knowingly" transporting. It was clearly not the intention of the Legislature that knowledge of the fact the weapon was a machine gun should be an essential element of the offense of possession. The statute does not say that a person must knowingly have possession of a machine gun. By its express terms, knowledge of the fact is only made an essential ingredient of the offense of transporting. It requires that transporting be done "knowingly."

It is true, as defendant argues, that the absence of the word "knowingly" is not conclusive of the Legislature's intention. In this connection defendant relies on *People* v. *Cole*, 113 Cal.App.2d 253 [248 P.2d 141], a prosecution for the illegal possession of narcotics. In a pungent opinion, Mr. Justice Dooling wrote (p. 258) : "While a specific intent to violate the law is not an ingredient of the crime of possession of a narcotic, 'a knowledge that *the facts exist* which bring the act within the provisions of this code' is necessary. (*People* v. *Gory*, 28 Cal.2d 450, 456 [170 P.2d 433].) One of the facts of which a defendant must have knowledge is that the article is a narcotic, because that is one of the facts, indeed the essential fact, 'which bring(s) the act within the provisions of this code.' To instruct as the court did in this case that it is not necessary 'that the defendant knew that the object or objects which he possessed were narcotics' is to authorize the conviction of a defendant who possessed marijuana in the honest belief that it was not marijuana. If that is the law then if I am given marijuana cigarettes, in a package of one of the standard brands of cigarettes made of tobacco, and retain it in my possession in the honest and innocent belief that it is a package of that brand of cigarettes I am nonetheless guilty of a felony, or if I cut a weed from the roadside which is in fact marijuana and use it as a part of a floral decoration in my home not knowing its narcotic character I am equally guilty. It is axiomatic that all laws must be reasonably construed and such a construction would so clearly pass the bounds of reason as to be unthinkable." (See, also, *Baender* v. *Barnett*, 255 U.S. 224 [41 S.Ct. 271, 65 L.Ed. 597].) The statute denouncing the possession of narcotics said that "no person shall possess, transport, . . . a narcotic except upon a written prescription. . . ." (Health & Saf. Code, § 11500.) The word "knowingly" was not used in the statute.

The cogent reasoning of the Cole case is inapplicable to the Machine Gun Law. In view of the use of the word "knowingly" as applied to transportation, we think it conclusive that, as applied to the possession of a machine gun, the Legislature intended that the mere fact of possession should constitute the crime.

The language of the Machine Gun Law is plain and unequivocal. It does not provide that a person must "knowingly possess" a machine gun in order that the offense of possession be committed. It does provide that a person must "knowingly transport" a machine gun in order that the offense of transporting be committed. Its phraseology discloses a clear legislative determination that society can best be protected against the evil of possession by a vigorous application of an inflexible rule. No doubt the Legislature felt that possession of a machine gun could hardly be had without knowledge that the object was in fact a machine gun; and that, on the other hand, there may be innocent, unwitting, inadvertent, or unintended acts of transportation.

■■ We hold it was not necessary that the prosecution prove the defendant had knowledge that the weapon in his possession was a machine gun, and that it was not error to give the instruction of which he complains.

Affirmed.

Wood (Parker), J., concurred.

SHINN, P. J.—I concur. The case involves a particular statute as applied to a particular state of facts, namely, possession of a machine gun by an ex-convict, on parole after a conviction of robbery, who gave an unsatisfactory and uncorroborated account of the circumstances in which he came into possession of the weapon. In a prosecution for that offense it is not necessary for the People to prove that the accused knew the weapon to be a machine gun and an instruction to that effect is proper. Nevertheless I am convinced that complete lack of knowledge of the nature of an article, even a machine gun, possession of which is forbidden, would be a good defense. There are undoubtedly situations in which ignorance would be so complete and irrefutable as to render a conviction of possession a grave injustice. In a clear case of complete lack of knowledge the law should not be applied with such harsh and technical precision as to flout reason and justice, and accomplish a result which no Legislature, in defining the crime, could have intended. This is not such a case.