TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL

State of California

JOHN K. VAN DE KAMP
Attorney General

------------------------------

|  |  |
|---|---|
| OPINION | |
| of | No. 87-102 |
| JOHN K. VAN DE KAMP | JUNE 2, 1987 |
| RODNEY O. LILYQUIST<br>Deputy Attorney General | |

-----------------------------------------------------------------

THE HONORABLE GEORGE DEUKMEJIAN, GOVERNOR OF CALIFORNIA, has requested an opinion on the following questions:

1. Is the disclosure duty of a designated government employee specified in Health and Safety Code section 25180.7 applicable with respect to information obtained prior to January 1, 1987?

2. What information and knowledge must a designated government employee have in order to be subject to the disclosure duty specified in Health and Safety Code section 25180.7?

3. What must be proved to sustain a criminal conviction for the failure to disclose information required by Health and Safety Code section 25180.7?

CONCLUSIONS

1. The disclosure duty of a government employee specified in Health and Safety Code section 25180.7 is inapplicable with respect to information obtained prior to January 1, 1987.

2. The information and knowledge a designated government employee must have in order to be subject to the disclosure duty specified in Health and Safety Code section 25180.7 are information that an illegal discharge of a hazardous waste has occurred or is threatened in the geographical area of his jurisdiction and the knowledge that it is likely to cause substantial injury to the public health or safety.

3. Proof beyond a reasonable doubt that the designated government employee knowingly and intentionally failed to disclose the information required by Health and Safety Code section 25180.7 must be established in order to sustain a criminal conviction.

## ANALYSIS

On November 4, 1986, the voters of California approved the Safe Drinking Water and Toxic Enforcement Act of 1986 ("Act"). This initiative measure, Proposition 65, amended and added sections to the Health and Safety Code[1] concerning the discharge of hazardous waste. Among the added statutory provisions was section 25180.7:

"(a) Within the meaning of this section, a 'designated government employee' is any person defined as a 'designated employee' by Government Code Section 82019, as amended.

"(b) Any designated government employee who obtains information in the course of his official duties revealing the illegal discharge or threatened illegal discharge of a hazardous waste within the geographical area of his jurisdiction and who knows that such discharge or threatened discharge is likely to cause substantial injury to the public health or safety must, within seventy-two hours, disclose such information to the local Board of Supervisors and to the local health officer. No disclosure of information is required under this subdivision when otherwise prohibited by law, or when law enforcement personnel have determined that such disclosure would adversely affect an ongoing criminal investigation, or when the information is already general public knowledge within the locality affected by the discharge or threatened discharge.

"(c) Any designated government employee who knowingly and intentionally fails to disclose information required to be disclosed under subdivision (b) shall, upon conviction, be punished by imprisonment in the county jail for not more than one year or by imprisonment in state prison for not more than three years. The court may also impose upon the person a fine of not less than five thousand dollars ($5,000) or more than twenty-five thousand dollars ($25,000). The felony conviction for violation of this section shall require forfeiture of government employment within thirty days of conviction.

"(d) Any local health officer who receives information pursuant to subdivision (b) shall take appropriate action to notify local news media and shall make such information available to the public without delay."

We are asked whether this statute is applicable with respect to information obtained

---

[1]All statutory references hereafter to the Health and Safety Code are by section number only.

prior to January 1, 1987, what information and knowledge is necessary to establish the disclosure duty, and what must be proved to sustain a criminal conviction.

1.  Information Obtained Prior to January 1, 1987

Statutes added by an initiative measure are normally effective the day after the election.  (Cal. Const., art. 2, § 10.)  The measure may, however, provide for a different effective date.  Here, Proposition 65 provided: "This initiative shall take effect on January 1, 1987."  (Cal. Ballot Pamp., Gen. Elect. (Nov. 4, 1986) p. 63.)

It is clear that the disclosure duty of section 25180.7 did not arise until the initiative's effective date, January 1, 1987.  (See Northgate Partnership v. City of Sacramento (1984) 155 Cal.App.3d 65, 68-69; National Independent Business Alliance v. City of Beverly Hills (1982) 128 Cal.App.3d 13, 21; Pugh v. City of Sacramento (1981) 119 Cal.App.3d 485, 491; Kehrlein v. City of Oakland (1981) 116 Cal.App.3d 332, 340.)  As such, section 25180.7 is neither "retroactive" with respect to the disclosure duty nor an ex post facto law making punishable what was not criminal at the time of performance.  (See People v. Weidert (1985) 39 Cal.3d 836, 849; In re Jackson (1985) 39 Cal.3d 464, 469; In re La Day (1985) 177 Cal.App.3d 461, 463.)

The issue remains, however, whether the duty to disclose that began January 1, 1987, arose with respect to information obtained prior to the effective date of section 25180.7.  In answering this question, we may rely upon several well-established principles of statutory construction.  A statute is to be interpreted by giving the words "their ordinary and generally accepted meaning."  (People v. Castro (1985) 38 Cal.3d 301, 310; accord People v. Craft (1986) 41 Cal.3d 554, 560.)  Rules of grammatical construction are to be followed.  (See County of Los Angeles v. Graves (1930) 210 Cal. 21, 26; Addison v. Department of Motor Vehicles (1977) 69 Cal. App. 3d 486, 496 People v. One Chrysler Coupe (1941) 48 Cal.App.2d 546, 549.)  If possible, a sensible and practical approach is to be taken.  (Valley Circle Estate v. VTN Consolidated, Inc. (1983) 33 Cal.3d 604, 608-609; California Mfrs. Assn. v. Public Utilities Com. (1979) 24 Cal.3d 836, 844; Fields v. Eu (1976) 18 Cal.3d 322, 328.)  Statutes are to be interpreted so that they are internally consistent with the various parts harmonized and reconciled.  (Moore v. Panish (1982) 32 Cal. 3d 535, 541; People v. Black (1982) 32 Cal.3d 1, 5; Moyer v. Workmen's Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230.)

Returning to the language of subdivision (b) of section 25180.7, we find the following six elements of the duty to disclose:  (1) Any designated government employee, [2] (2) who

---

[2]A "designated government employee" is a "designated employee" as defined in Government Code section 82019. ( § 25180.7, subd. (a).)  The Government Code provision states:

"'Designated employee' means any officer, employer, member, or consultant of any [state or local government] agency whose position with the agency:

obtains information in the course of his official duties,(3) revealing the illegal discharge or threatened illegal discharge of a hazardous waste, [3] (4) within the geographical area of his

"(a) Is exempt from the state civil service system by virtue of subdivision (a), (c), (d), (e), (f), (g), or (m) of Section 4 of Article VII of the Constitution, unless the position is elective or solely secretarial, clerical, or manual.

"(b) Is elective, other than an elective state office.

"(c) Is designated in a Conflict of Interest Code because the position entails the making or participation in the making of decisions which may foreseeably have a material effect on any financial interest.

"(d) Is involved as a state employee at other than a clerical or ministerial level in the functions of negotiating or signing any contract awarded through competitive bidding, in making decisions in conjunction with the competitive bidding process, or in negotiating, signing, or making decisions on contracts executed pursuant to Section 10122 of the Public Contract Code.

"'Designated employee' does not include an elected state officer, any unsalaried member of any board or commission which serves a solely advisory function, any public official specified in Section 87200, and also does not include any unsalaried member of a nonregulatory committee, section, commission, or other such entity of the State Bar of California."

Government Code section 87200 provides:

"This article is applicable to elected state officers, judges and commissioners of courts of the judicial branch of government, members of the Public Utilities Commission, members of the State Energy Resources Conservation and Development Commission, members of the board of supervisors, district attorneys, county counsels, and chief administrative officers of counties, mayors, city managers, city attorneys, chief administrative officers and members of city councils of cities, and to candidates for any of these offices at any election."

[3]     Section 25117 provides:

"'Hazardous waste' means a waste, or combination of wastes, which because of its quantity, concentration, or physical, chemical, or infectious characteristics either:

"(a) Cause, or significantly contribute to an increase inmortality or an increase in serious irreversible, or incapacitating reversible, illness.

jurisdiction, (5) and who knows that such discharge or threatened discharge is likely to cause substantial injury to the public health or safety, (6) must, within seventy-two hours, disclose such information to the local Board of Supervisors and to the local health officer.

"Obtains" commonly means "to gain or attain possession or disposal of usually by some planned action or method." (Webster's New Internat. Dict. (3d ed. 1971), p. 1559.) "Obtains" is in the present tense, indicating present time or action as distinguished from the past tense ("obtained") and past perfect tense ("had obtained").

Moreover, to comply with the statutory duty, the employee is required to make disclosure within 72 hours of obtaining the information with the requisite knowledge. Such a time limitation does not suggest that the information may be 10, 20, or 30 years out of date.

All the words of the statute, including "obtains," "revealing," "knows," "is," and "within seventy-two hours," are consistent with the determination that the information be obtained on and after January 1, 1987, for the statute to apply. We thus believe that with respect to whether section 25180.7 applies to information obtained prior to January 1, 1987, the statute is plain and unambiguous; the answer is "no." In such circumstances we do not add words to the statute so as

---

"(b) Pose a substantial present or potential hazard to human health or environment when improperly treated, stored transported, or disposed of, or otherwise managed. Unless expressly provided otherwise, the term 'hazardous waste' shall be understood to also include extremely hazardous waste."

Section 25122 provides:

"'Waste' means either of the following:

"(a) Any material for which no use or reuse is intended and which is to be discarded.

"(b) Any recyclable material [defined in section 25122.5]."

Section 25115 provides:

"'Extremely hazardous waste' means any hazardous waste or mixture of hazardous wastes which, if human exposure should occur, may likely result in death, disabling personal injury or serious illness caused by the hazardous waste or mixture of hazardous wastes because of its quantity, concentration, or chemical characteristics."

"Hazardous waste" is distinguishable from "hazardous substances" and "hazardous material." (See § 25501.)

to cover prior periods. (See <u>People</u> v. <u>Boyd</u> (1979) 24 Cal.3d 286, 294; <u>Great Lakes Properties</u> v. <u>City of El Segundo</u> (1977) 19 Cal.3d 152, 155; <u>Solberg</u> v. <u>Superior Court</u> (1977) 19 Cal.3d 182, 198.) Nothing in the ballot pamphlet proposing the adoption of section 25180.7 suggests a different conclusion.

In answer to the first question, therefore, we conclude that the disclosure duty of a designated government employee specified in section 25180.7 is inapplicable with respect to information obtained prior to January 1, 1987.

2. <u>Information and Knowledge</u>

The second question asks what information and knowledge a designated government employee must have to be subject to the disclosure requirements of section 25180.7. Section 25180.7 requires both "information" of some things and "knowledge" of other things to trigger the disclosure requirement. The employee must obtain <u>information</u> which reveals "the illegal discharge or threatened illegal discharge of a hazardous waste within the geographical area of his jurisdiction" and must <u>know</u> that "such discharge or threatened discharge is likely to cause substantial injury to the public health or safety." Both the requisite information and the requisite knowledge must exist in the mind of the employee before the duty to disclose arises.

The second element of the disclosure requirement speaks of one "who obtains information." Webster's Third New International Dictionary (Webster) defines information as:

"something received or obtained through informing: as a: knowledge communicated by others or obtained from investigation, study or instruction  b: knowledge of a particular event or situation : intelligence, news, advices (latest information from the battle front) (securing information about conditions in the upper atmosphere) (information bureau) c: facts or figures ready for communication or use as distinguished from those incorporated in a formally organized branch of knowledge : data (reliable source of information)."

Webster's New World Dictionary (2d College Ed.1982) observes that:

"Information applies to facts that are gathered in any way, as by reading, observation, hearsay, etc. and does not necessarily connote validity [inaccurate information]".

Thus information is that which a person obtains by personal perceptions or from others which makes him or her aware of a particular event or situation. Information may be accurate or false. It is the data the mind receives about an event or situation.

Applying this definition to Section 25180.7's information requirement, we note first that it is only information which the employee obtains "in the course of his official duties" that can trigger the disclosure requirement. This simply means that the information is obtained by the employee when he or she is on duty and not during off duty hours, vacation or other absences. It does not

require that there be a law, regulation or order that the employee obtain the information or do something with it.

The employee must "obtain" the information. We have already noted that Webster defines obtain: "to gain or attain possession or disposal of usually by some planned action or method." In the context of section 25180.7 we think that obtain refers to mental awareness of the information rather than physical possession of any physical record of the information.

Next we note that the information must "reveal" certain things. Webster defines reveal as "to open up to view: show plainly and clearly." The thing which the information must reveal is the discharge of a hazardous waste or the threatened discharge of a hazardous waste. Further the information must reveal that such discharge is both "illegal" and located within the geographical area of the employee's jurisdiction.

Section 25180.7 requires that there be a "discharge," actual or threatened, of a hazardous waste. Discharge is not defined by the statute. Webster defines discharge as a "release from confinement." In the context of section 25180.7 we think discharge refers to a release of the hazardous waste from a place of safe confinement into an environment where it may cause harm to humans.

Finally, the information must reveal that the discharge or threatened discharge of the hazardous waste is "illegal." This means that the illegality of the discharge must be revealed by the information obtained by the designated government employee.

To sum up, the information required by section 25180.7 to give rise to a duty to report must make a designated governmental employee aware, while he or she is on duty, of the discharge or threatened discharge of a hazardous waste within the geographical area of the employee's jurisdiction which discharge is illegal.

The more difficult question concerns the knowledge element of section 25180.7, subdivision (b). To "know" the existence of a fact is "to have perception, cognition, or understanding of" or "to recognize the quality of, see clearly the character of, discern." (Webster's, supra, p. 1252; see People v. Calban (1976) 65 Cal.App.3d 578, 584; 1 Witkin, Cal. Crimes (1985 Supp.) § 58, p. 84.) Here, the employee must know of the likelihood of substantial injury. The statute does not state, for example, that the employee "should have known" of such probability or had "reasonable suspicion" thereof.

How does one "know" the existence of a fact as a practical matter? One leading authority on criminal law has observed:

"'Absolute knowledge can be had of very few things,' said the Massachusetts court, and the philosopher might add 'if any.' For most practical purposes 'knowledge' is 'not confined to what we have personally observed or to what we have evolved by our own cognitive faculties.' Even within the domain of the law itself the

7.                                                                 87-102

word is not always employed with exactly the same signification. Suppose a man has been told that a certain bill of exchange is a forgery and he believes the statement to be true. Does he have <u>knowledge</u> of this? Obviously not if the purpose of the inquiry is to determine whether he is qualified to take the witness stand and swear that the instrument is false; but if he passes the bill as genuine he will be uttering a forged instrument with 'knowledge' of the forgery if his belief is correct. The need, therefore, is to search for the state of mind, or states of mind, which the courts have spoken of as 'knowledge' for the purpose of a particular case." (Perkins, Criminal Law (2d ed. 1969), p. 775, fns. omitted.)

Other textbook writers have stated:

"Much of the difficulty involved in ascertaining what, if any, state of mind, is required for a particular crime lies in the ambiguous meaning of the particular word or phrase used. Even 'knowingly' is not entirely clear: for instance, does one know a fact (e.g., that property is stolen) when he is 95% sure of it but not completely certain?" (1 La Fave & Scott, Substantive Criminal Law (1986) § 3.4, p. 299.)

Knowledge may be attained either directly or indirectly. (Perkins, <u>supra</u>, p. 775.) Here the knowledge of the likelihood of substantial injury may be based in part upon experience or education received years previously. We find no limitation upon the source of the knowledge specified in section 25180.7, subdivision (b).

Because of the knowledge requirement, one in receipt of false or erroneous information or one who has insufficient indication of reliability for the information received would not be required by section 25180.7 to disclose.

In answer to the second question, therefore, we conclude that the information and knowledge a designated government employee must have in order to be subject to the disclosure duty specified in section 25180.7 are the receipt of information that an illegal discharge of a hazardous waste has occurred or is threatened in the geographical area of his jurisdiction and the knowledge that it is likely to cause substantial injury to the public health or safety.[4]

3. <u>Proof of a Criminal Act</u>

Subdivision (c) of section 25180.7 provides for a fine of $5,000 to $25,000, imprisonment in county jail for up to one year or in state prison for up to three years, and forfeiture of government employment for a felony conviction of "knowingly and intentionally fail[ing] to

---

[4]The employee must, of course, also determine whether the exemptions from disclosure contained in the statute would be applicable. The language of the statutory exemptions is beyond the scope of this opinion.

disclose information required to be disclosed under subdivision (b)."

As is often stated, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (In re Winship (1970) 397 U.S. 358, 369; accord Sandstorm v. Montana (1979) 442 U.S. 510, 520; People v. Dillon (1983) 34 Cal.3d 441, 472; People v. Harris (1985) 165 Cal.App.3d 1246, 1263.) This constitutional principle is codified in Penal Code section 1096:

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal, but the effect of this presumption is only to place upon the state the burden of proving him guilty beyond a reasonable doubt. Reasonable doubt is defined as follows: 'It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge.'"

Subdivision (c) of section 25180.7 contains three essential elements in specifying the criminal conduct:    (1) Any designated government employee, (2) who knowingly and intentionally (3) fails to disclose information required under subdivision (b) of the statute. The first element describes the subject, the second gives the intent, and the third specifies the act (of omission).

Although "knowingly" is not defined in the Act, we believe that a court would apply the Penal Code definition of "knowingly" when construing the elements of a section 25180.7 criminal violation. Penal Code section 7 provides in part:

"The word 'knowingly' imports only a knowledge that the facts exist which bring the act or omission within the provisions of this code. It does not require any knowledge of the unlawfulness of such act or omission."

As stated in People v. Daniel (1953) 118 Cal.App.2d 340, 343, "'[K]nowingly' signifies knowledge of the existence of a fact or facts. . . . It has no reference to knowledge of the law." (See CALJIC No. 1.21 (1979 Rev.); People v. Calban, supra, 65 Cal.App. 3d 578, 584-585; Webster's, supra, p. 1252; 1 Witkin, supra, § 58, pp. 62-63.)[5]

_____

[5]One of the facts that must be obtained under subdivision (b) of section 25180.7 is that the discharge or threatened discharge be "illegal." It is not required, however, that the employee know his failure to disclose is illegal under subdivision (c) of the statute.

"Intentionally" may be described as to act in a purposeful manner, with deliberateness and design.  (Webster's, <u>supra</u>, p. 1176.)  "'Intentionally' means done with intention of purpose, intended, designed."  (<u>People</u> v. <u>Cloward</u> (1961) 196 Cal.App.2 669, 672; see <u>People</u> v. <u>McCree</u> (1954) 128 Cal.App.2d 196, 202.)

"Knowingly" and "intentionally" are distinguishable:

"A person may lack knowledge and yet act intentionally or deliberately as where a person does an act through mistake or unawareness of fact as where a person makes a representation such as would constitute a basis for a charge of obtaining property by false pretenses, without knowledge of its falsity and under an honest belief that it is true or might intentionally pull the trigger of a firearm believing that it was not loaded.  On the other hand a person may have knowledge of a fact but, inadvertently, may perform an act intentionally but inadvertently, not intending the act which he in fact performs as where a person, though knowing that one of the bills in his wallet is counterfeit, inadvertently pays it out while honestly intending to use a good bill."  (Fricke & Alarcon, California Criminal Law (11th ed. 1977) pp. 31-32.)

Use of the words "knowingly and intentionally" in section 25180.7 precludes a conviction where the failure to disclose is accidental or due to misfortune (see Pen. Code, § 26; <u>United States</u> v. <u>Murdock</u> (1933) 290 U.S. 389, 394; <u>People</u> v. <u>Calban</u>, <u>supra</u>, 65 Cal.App.3d 578, 584; Perkins, <u>supra</u>, p. 780), due to inattention, inadvertence, or forgetfulness (see <u>Morrisette</u> v. <u>United States</u> (1952) 342 U.S. 246, 270; <u>People</u> v. <u>Peabody</u> (1945) 46 Cal.App.3d 43, 49; Perkins, <u>supra</u>, pp. 592, 782; 1 Witkin, <u>supra</u>, § 67, p. 71), due to negligence (see Pen. Code, §§ 7, 26; <u>Morrisette</u> v. <u>United States</u>, <u>supra</u>, 342 U.S. 246, 255; <u>United States</u> v. <u>Murdock</u>, <u>supra</u>, 290 U.S. 389, 394-395; <u>People</u> v. <u>Peabody</u>, <u>supra</u>, 46 Cal.App.3d 43, 46; Perkins, <u>supra</u>, p. 780; 1 La Fave & Scott, <u>supra</u>, §§ 3.3, 3.5, pp. 290, 314; 1 Witkin, <u>supra</u>, § 65, pp. 69-70; Erwin, Millman, Monroe, Sevilla & Tarlow, Cal. Criminal Defense Practice (1986) § 140.02, p. 140-13, hereafter "Erwin"), due to ignorance or mistake of fact (see Pen. Code, § 26; <u>Morrisette</u> v. <u>United States</u>, <u>supra</u>, 342 U.S. 246, 270-271; Perkins, <u>supra</u>, pp. 772-779, 785-786, 935, 939; 1 La Fave & Scott, <u>supra</u>, § 5.3, pp. 289-290, 307, 315), due to coercion (see Pen. Code, § 26; <u>United States</u> v. <u>Murdock</u>, <u>supra</u>, 290 U.S. 389, 394, Perkins, <u>supra</u>, pp. 949-961; 1 La Fave & Scott, <u>supra</u>, § 5.3, pp. 614-627; 1 Witkin, <u>supra</u>, § 155, p. 149), based on "strict liability" or "vicarious liability" (see Perkins, <u>supra</u>, pp. 784-789, 812-816; 1 La Fave & Scott, <u>supra</u>, §§ 3.8, 3.9, pp. 340-360; 1 Witkin, <u>supra</u>, § 62, p. 66-67; Erwin, <u>supra</u>, § 140.02, p. 140-14); or due to ignorance or mistake of law other than the terms of section 25180.7 (see Perkins, <u>supra</u>, pp. 935-938; 1 La Fave & Scott, <u>supra</u>, § 3.5, p. 315).  Ignorance or mistake of law with respect to the provisions of section 25180.7 would not be a defense to the criminal charge.  (See <u>Morissette</u> v. <u>United States</u>, <u>supra</u>, 342 U.S. 246, 271; <u>People</u> v. <u>Snyder</u> (1982) 32 Cal.3d 590; 592-593; <u>People</u> v. <u>Calban</u>, <u>supra</u>, 65 Cal.App.3d 578, 585; Perkins, <u>supra</u>, pp. 935-938; 1 La Fave & Scott, <u>supra</u>, § 3.3, pp. 289-291.)

It must be recognized that "intentionally" is seldom used in criminal statutes and that "intent" and "knowledge" convey complex and esoteric concepts; artificial distinctions have lead

to considerable confusion in this area of criminal law. (See Morissette v. United States, supra, 342 U.S. 246, 264-265; People v. Beaugez (1965) 232 Cal.App.2d 650, 658, fn. 3; Perkins, supra, p. 778; 1 La Fave & Scott, supra, § 3.4, pp. 297-299; Erwin, supra, § 140.02, p. 140-11; 2 Witkin, supra, § 874, p. 820; Wasserstrom, Strict Liability in Criminal Law (1960) 12 Stan.L.Rev. 731; Roth, General versus Specific Intent; A Time for Terminological Understanding in California (1979) 7 Pepperdine L. Rev. 67.) While the foregoing analysis is thus necessarily general, the applicable rule concerning the interpretation of penal statutes is: "The defendant is entitled to the benefit of every reasonable doubt . . . as to the true interpretation of words or the construction of language used in a statute." (In re Tartar (1959) 52 Cal.2d 250, 256-257; accord People v. Craft, supra, 41 Cal.3d 554, 560; People v. Davis (1981) 29 Cal.3d 814, 818.)

Finally, we note the fact that circumstantial evidence and any reasonable inferences drawn from such evidence may be used to prove the elements of the offense described in section 25180.7, including the element of knowledge. (See People v. Williams (1971) 5 Cal.3d 211, 215; People v. Bynum (1971) 4 Cal.3d 589, 599; People v. Mosher (1969) 1 Cal.3d 379, 395; People v. Patino (1979) 95 Cal.App.3d 11, 27.) Where, however, evidence offered to establish an element of a crime consists principally of circumstantial evidence, "'the facts or circumstances must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion.'" (People v. Bender (1945) 27 Cal.2d 164, 175; accord People v. Salas (1976) 58 Cal.App.3d 460, 472.)

In answer to the third question, therefore, we conclude that proof beyond a reasonable doubt that the designated government employee knowingly and intentionally failed to disclose the information required by section 25180.7 must be established in order to sustain a criminal conviction.

* * * * *

11.                                         87-102